UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Brian James Macdonald,<br><br>                      Debtor. | C/A No. 19-06512-JW<br><br>Adv. Pro. No. 20-80027-JW<br><br>Chapter 13<br><br>**DEFENDANT'S MOTION IN LIMINE** |
| Michael Furlow and Cathy Furlow,<br><br>                      Plaintiffs,<br><br>v.<br><br>Brian J. Macdonald,<br><br>                      Defendant. | |

Brian J. Macdonald ("Defendant") files this Motion in Limine against Michael Furlow and Cathy Furlow ("Plaintiffs") because Defendant anticipates that Plaintiffs may seek to offer witnesses and introduce arguments, testimony or documents that are improper, have no relevance to this action for partition, are inadmissible hearsay, or would be more prejudicial than probative. Accordingly, Defendant requests that Plaintiffs be prohibited from making arguments, offering witnesses, and introducing evidence or testimony relating to: the value of the subject property, the rental value of the subject property, and the condition of the subject property. Defendant further requests that Plaintiffs' counsel be required to instruct Plaintiffs' witnesses to make no such references.

**I.    PROCEDURAL POSTURE**

Plaintiffs commenced an action to partition 5718 Captain Kidd Rd. Hollywood, SC 29449 (the "Property") against Defendant and his former spouse, Marta Leigh Macdonald, on April 9, 2018 in the Charleston County Court of Common Pleas. The complaint was later amended to add a cause of action for unjust enrichment, which seeks a judgment for the rental value of the Property in addition to attorneys' fees and costs. Defendants answered the complaint and denied Plaintiffs' allegations concerning the parties' interests in the Property, and that Plaintiffs are entitled to attorneys' fees and costs

or damages on their claim for unjust enrichment. Marta Leigh Macdonald was dismissed as a party defendant after conveying her interest in the Property to Plaintiffs as joint tenants with right of survivorship. The parties conducted limited written discovery, and the case was scheduled for trial on December 16, 2019.

Defendant filed a voluntary petition under Chapter 13 of the U.S. Bankruptcy Code on December 13, 2019. Plaintiffs timely filed proofs of claim and an objection to Debtor's plan in the bankruptcy case. On January 13, 2020, Plaintiffs filed a motion pursuant to 11 U.S.C. §362(a) for relief from the automatic stay in order to resume the state court partition action against Defendant. The parties entered a Consent Order resolving the Plaintiffs' Motion for Relief on March 16, 2020. The Consent Order contains the following relevant provisions:

1. The partition action, case number 2018-CP-10-01398, filed in Charleston County South Carolina will be removed with the consent of the parties.

2. The Parties have consented and agree to allow this Court to determine the Parties' ownership in the Property, to determine damages to either party, and to determine the manner in which to dispose of the Property through a sale.

3. South Carolina State Law will govern this matter substantively.

. . . .

6. Within two weeks of this order an inspection of the Property shall be completed. Movants will pay for the inspection. Debtor shall not have any right to determine the inspector or review the inspection; however, Movants shall provide Debtor's counsel with the name and contact information of the inspector. Movants shall not be entitled to use the inspection report for any purpose, and it will have no evidentiary value in any future proceedings. Such inspection shall occur at a time convenient to the Debtor based on his work schedule. The Debtor shall not unreasonably withhold access to the inspector.

Defendant filed a Notice of Removal on March 11, 2020. After removal of the state court action to the Bankruptcy Court, it was issued adversary proceeding number 20-80027-JW and a Scheduling Order was entered in the adversary proceeding on May 4, 2020. The Scheduling Order provides that the parties consent to this Court's entry of final orders or judgments on any issue in this adversary proceeding, whether or not designated as "core" under 28 U.S.C. § 157(b). The Scheduling Order also

provides that each party shall identify any expert witness to be used in this proceeding by May 10, 2020, and shall allow a reasonable opportunity for the taking of the expert's deposition prior to the conclusion of discovery, unless otherwise ordered by the Court.

By email correspondence dated April 24, 2020, Plaintiffs identified Kevin Westendorff with Lowcountry Home Inspection and Burk Herrin with Sass, Herrin & Associates as their experts. Defendant served Plaintiffs with his Second Interrogatories and Second Requests for Production on April 27, 2020. Plaintiffs served Defendant with their Second Interrogatories and Second Requests for Production on May 1, 2020. On May 18, 2020, Defendant served subpoenas for the production of documents on Kevin Westendorff with Lowcountry Home Inspection and Burk Herrin with Sass, Herrin & Associates. Plaintiffs and Defendants were deposed on May 27, 2020.

On June 5, 2020, Defendant served responses to Plaintiffs' Second Interrogatories and Second Requests for Production. Defendant supplemented his responses to Plaintiffs' Second Requests for Production on June 10, 2020. On June 11, 2020, Plaintiffs served responses to Defendants' Second Interrogatories and Second Requests for Production. In response to the Interrogatories, Plaintiffs identified Kevin Westendorff with Lowcountry Home Inspection, Burk Herrin with Sass, Herrin & Associates, and Adam Langley with Jackson Appraisal Services as experts and identified their respective reports in response to the Requests for Production.

On June 11, 2020 pursuant to Federal Rule of Civil Procedure Rule 37(a)(1), Defendant requested that Plaintiffs fully respond to Interrogatories 3, 4, 5, 6, 10, and 13 and Request for Production 9 no later than June 19, 2020. As of the date of the instant Motion, Plaintiffs have not yet provided the requested responses but did indicate they are forthcoming.

## II. ARGUMENT

A motion in limine may be used in civil matters "to gain a ruling excluding evidence which is irrelevant." 75 Am.Jur.2d Trials § 102 (Supp. 2005). A district court has "broad discretion" in deciding motions in limine. *Kauffman v. Park Place Hosp. Group*, 468 Fed App'x 220, 222 (4th Cir.

2012). Assessing what evidence may be relevant is at the heart of the district court's trial management function. *U.S. v. McBride*, 676 F.3d 385, 403 (4th Cir. 2012). The general rule is that evidence that is not relevant is inadmissible at trial. Fed. R. Evid. 402. Relevant evidence, by contrast, is evidence having a "tendency to make a fact more or less probable that it would be without the evidence." Fed. R. Evid. 401. However, relevant evidence may still be excluded if is probative value substantially outweighs the danger of unfair prejudice, confusion of issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of the evidence. Fed. R. Evid. 403.

**1. Defendant moves to exclude witnesses, testimony, and evidence offered to establish the value of the Property.**

The Consent Order resolving Plaintiffs' Motion for Relief from the Automatic stay expressly provides that this Court shall determine the Parties' ownership interests in the Property, damages to either party, and the manner in which to dispose of the Property through a sale. Accordingly, the only issues before this Court are the Plaintiffs' claim for partition, request for attorneys' fees, and request for damages for the rental value of the Property. Any witnesses, testimony, or evidence offered to establish the value of the Property is therefore irrelevant to the Court's analysis and should be excluded under Rule 402. Fed. R. Evid. 402.

**2. Defendant moves to exclude witnesses, testimony, and evidence offered to establish the rental value of the Property.**

As set forth in the Motion for Summary Judgment filed by Defendant, Plaintiffs cannot establish an ouster of the Property occurred under South Carolina law and as such they are not entitled to any amounts for the rental value of the Property. Any witnesses, testimony, or documents offered to establish the rental value of the Property are irrelevant and more prejudicial than probative because Plaintiffs have not demonstrated the occurrence of an ouster necessary to support a claim for such damages.

Although Rule 403 will "generally favor admissibility," *United States v. Wells*, 163 F.3d 889, 896 (4th Cir.1998), district courts are granted "broad discretion" to decide "whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice, misleading the jury, or confusion

of the issues," *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 349 (4th Cir. 2014). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401 Fed. R. Evid. Furthermore, the introduction of such evidence would constitute an undue delay and waste of time, and can only have a prejudicial effect. Therefore, all witnesses, arguments, testimony and/or documents relating to the rental value of the Property should be excluded under the Federal Rules of Evidence. Rules 401, 402, 403, Fed. R. Evid.

### 3. Defendant moves to exclude witnesses, testimony, and evidence offered to establish the condition of the Property.

Defendant moves to exclude witnesses, testimony, and any evidence to establish the condition of the Property on the grounds that such evidence is irrelevant and expressly precluded by the Consent Order resolving Plaintiffs' Motion for Relief from the Automatic Stay. Specifically, Defendant moves to exclude the testimony of and any reports prepared by Kevin Westendorff with Lowcountry Home Inspection.

Pursuant to the Consent Order resolving Plaintiffs' Motion for Relief from the Automatic Stay, Kevin Westendorff with Lowcountry Home Inspection inspected the Property on April 4, 2020 and prepared a report to document the condition of the Property. The Consent Order prohibits Plaintiffs' use of this inspection report for any purpose, and provides that it will have no evidentiary value in any future proceedings. Because all witnesses, arguments, testimony and/or documents relating to the condition of the Property are precluded by the Consent Order, irrelevant to the issues to be decided, and more prejudicial than probative, they should be excluded under the Federal Rules of Evidence. Rules 401, 402, 403, Fed. R. Evid.

### 4. Defendant moves to exclude witnesses identified as experts after May 10, 2020.

The Scheduling Order required the parties to identify all experts by May 10, 2020. Plaintiffs identified Adam Langley with Jackson Appraisal Services as an expert on July 11, 2020. Defendant

moves to exclude this witness based on Plaintiffs' disregard of the corresponding deadline in the Scheduling Order. Furthermore, this purported witness's testimony would be as to the value of the Property, which is not before the Court and therefore irrelevant. As such this witness and any reports of said witness are irrelevant to the Court's analysis and should be excluded under Rule 402. Fed. R. Evid. 402.

### III.   CONCLUSION

For these and all the foregoing reasons, Defendant's Motion in Limine should be GRANTED in the particulars set forth above.

Respectfully submitted,

FINKEL LAW FIRM LLC

/S/ Magalie A. Creech, Esq. (Dist. ID 10871)
P.O. Box 41489
Charleston, SC 29423
Tel : (843) 577-5460
Fax (866) 800-7954
mcreech@finkellaw.com
*Attorneys for Defendant Brian Macdonald*

## IN THE UNITED STATES BANKRUPTCY COURT
## THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Brian James Macdonald,<br><br>Debtor.<br><br>---<br><br>Michael Furlow and Cathy Furlow,<br><br>Plaintiffs,<br><br>Vs.<br><br>Brian James Macdonald,<br><br>Defendant. | Bankruptcy No.: 19-06512-jw<br>Adversarial Pro. No: 20-80027-jw<br><br>Chapter 13<br><br>**CERTIFICATE OF SERVICE** |

The undersigned states that on June 23, 2020, she caused a true and correct copy of the Defendant's Motion in Limine to be served upon the parties identified below via email and United States Mail with sufficient first-class postage affixed and addressed as indicated below:

Irish "Ryan" Neville, Esquire
Spitz & Neville
151 Meeting Street, Suite 350
Charleston, SC 29401
irn@spitzandneville.com
*Attorneys for Plaintiffs*

Sean Markham, Esquire
Markham Law Firm, LLC
P.O. Box 20074
Charleston, South Carolina 29413-0074
sean@markhamlawsc.com
*Attorneys for Plaintiffs*

Wendi M. Freeman, Esquire (via email only)
Freeman Wine, LLC
1040 e-Wall Street
Mount Pleasant, SC 29464-3046
wendi@freemanwine.com
*Attorneys for Defendant*

FINKEL LAW FIRM LLC
Michelle Lichtenberger
P.O. Box 41489
Charleston, SC 29423
Tel : (843) 577-5460
Fax (866) 800-7954
*Litigation Paralegal*